IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORY E. WASHINGTON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | No. 13-cv-04854 |
| Respondents. | : | |

ORDER

AND NOW, this 3rd day of April 2014, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1-1), Respondents' Answer (Doc. No. 6), and Petitioner's Objections to the Report and Recommendation ("R&R") (Doc. No. 9), after careful and independent review of the R&R of United States Magistrate M. Faith Angell (Doc. No. 714), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of Habeas Corpus is DENIED.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court is directed to remove this case from suspense and close it for statistical purposes.

MEMORANDUM

This Court is obligated to engage in a *de novo* review of each finding in the R&R to which Petitioner specifically objected. 28 U.S.C. § 636(b)(1); see Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). We have identified three specific objections presented by Petitioner; he objects to: (1) the denial of a hearing, Doc. No. 9, at 2-5; (2) the finding that a certificate of appealability shall not issue, id. at 2; and (3) reliance upon a Seventh Circuit case cited in footnote 15 of the R&R, id. at 4. For the reasons that follow, we overrule each of Petitioner's objections.

First, denial of a hearing in this matter is appropriate because "the record . . . precludes habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); see also 28 U.S.C. § 2254(e). Second, because we disposed of the petition on procedural grounds, a certificate of appealability is only appropriate if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find our procedural holding debatable, and Petitioner has not shown that it is debatable whether he states a valid constitutional claim.  See, e.g., Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Patrick v. Phelps, 764 F. Supp. 2d 669, 673 (D. Del. 2011) (finding that inadequate law library was insufficient to show exceptional circumstances necessary for equitable tolling); cf. Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").  Third, Petitioner argues that it appears to be unresolved in the Seventh Circuit whether denial of a law library serves as an extraordinary circumstance for equitable tolling purposes.  However, this objection is of no significance because it is not essential to the holding of the R&R.  Thus, we overrule Petitioner's three objections.

                BY THE COURT:

                /s/ Legrome D. Davis

                Legrome D. Davis, J.